UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT S. WINBURN,  Civil Action No.:  18-12807
                                         Honorable Thomas L. Ludington
          Plaintiff    Magistrate Judge Elizabeth A. Stafford

v.

H. PRICE,

          Defendant.

_____/

**REPORT AND RECOMMENDATION TO DENY
MOTION FOR TEMPORARY RESTRAINING ORDER
[ECF NO. 8]**

**I.    Introduction**

In a complaint filed on September 10, 2018, Plaintiff Robert S. Winburn, a *pro se* prisoner, alleges that Defendant H. Price, a resident unit manager (RUM) at the Michigan Department of Correction's (MDOC) Cotton Correctional Facility, has failed to provide him with access to DVDs that contain discovery related to an ongoing criminal prosecution against him.[1]  [ECF No. 1].  Winburn states that he represents himself in the criminal case and that he entered into a stipulation and order with

---

[1] Winburn is both a prisoner serving a current sentence as well as a pretrial detainee facing criminal charges out of Washtenaw County Circuit Court.

Washtenaw County Prosecutor's Office that requires the MDOC to give him access to the DVD's. [*Id.*, PageID.3-6]. He says that the state judge has refused to enforce the order against the MDOC or Price because they are nonparties. [*Id.*]. Citing 42 U.S.C. § 1983, the First, Sixth and Fourteen Amendments, Winburn alleges that Price is violating his right to access to the courts, and he seeks damages and injunctive relief in the form of ordering Price to cease violating his constitutional rights. [*Id.*, PageID.7-11]. On October 10, 2018, the U.S. Marshal Service acknowledged receipt of the service of process documents, [ECF No. 7], but there is no indication that Price has been served.

On October 31, 2018, Winburn filed a motion for a temporary restraining order and requested a hearing before November 2, 2018. [ECF No. 8]. The Court recommends that Winburn's motion be denied.

**II.    Analysis**

Winburn's motion requests that the Court (1) restrain Price and his agents from allowing other inmates to review his DVD's, which has invaded his privacy, revealed that he was an informant and led to armed gang-members demanding payment in exchange for not divulging the information on the DVD's; and (2) order Price and his agents to stop obstructing his access to evidence that is needed for an imminent criminal trial. [*Id.*].

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Winburn's requests to restrain Price and his agents from allowing other inmates to view his DVD's is unconnected with the injury alleged and relief requested in the complaint. Courts have consistently denied motions for injunctive relief when the requested relief is unrelated to the conduct alleged in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Worth v. Wamsley*, No. 2:17-CV-43, 2017 WL 1227672, at *2 (S.D. Ohio Apr. 4, 2017), *adopted*, 2018 WL 1315017 (S.D. Ohio Mar. 14, 2018) (collecting cases).

Winburn's request for an order requiring that he have access to the DVDs is directly related to his complaint. But while he describes his trial as being "imminent," he does not state when it is scheduled to begin or otherwise clearly show that he requires relief from this Court before Price can be heard, as required by Rule 65(b)(1). *See also*

3

*Garrison v. Williams-Bennett*, No. 16-12823, 2016 WL 5930531, at *1 (E.D. Mich. Oct. 12, 2016) (denying temporary restraining order because movant did not establish that immediate and irreparable harm would result before the adverse party could be heard). Nor has Winburn demonstrated that he has attempted to serve process on Price or the MDOC before his state judge to address the deficiency identified by that judge—that she does not have jurisdiction over those nonparties. For example, he could subpoena Price and/or the MDOC to provide him with access to the DVDs and seek a motion to compel if they fail to comply.[2]

Upon notice that Price has been served with the complaint, this Court will order him to file a responsive pleading and can schedule a hearing to address Winburn's claims and request for injunctive relief. But the Court recommends that no relief be entered against Price before he has an opportunity to secure counsel and be heard.

### III. Conclusion

The Court recommends that Winburn's motion for temporary restraining order **[ECF No. 8]** be **DENIED.**

---

[2] If Winburn were represented by court-appointed counsel, he or she could have determined the necessary procedure for compelling Price's and the MDOC's compliance.

4

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 1, 2018

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after

5

service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2018.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
