UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT S. WINBURN,      Civil Action No.:  18-12807
    Honorable Thomas L. Ludington
           Plaintiff      Magistrate Judge Elizabeth A. Stafford

v.

H. PRICE,

           Defendant.

_____/

**REPORT AND RECOMMENDATION TO DENY
MOTION FOR TEMPORARY RESTRAINING ORDER AND
<u>FOR PRELIMINARY INJUNCTION [ECF NO. 10]</u>**

**I.   Introduction**

In a complaint filed on September 10, 2018, Plaintiff Robert S. Winburn, a *pro se* prisoner, alleges that Defendant H. Price, a resident unit manager (RUM) at the Michigan Department of Correction's (MDOC) Cotton Correctional Facility, has failed to provide him with access to DVDs that contain discovery related to an ongoing criminal prosecution against him.[1]  [ECF No. 1].  Winburn states that he represents himself in the criminal case and that he entered into a stipulation and order with

---

[1] Winburn is both a prisoner serving a current sentence as well as a pretrial detainee facing criminal charges out of Washtenaw County Circuit Court.

Washtenaw County Prosecutor's Office that requires the MDOC to give him access to the DVD's. [*Id.*, PageID.3-6]. He says that the state judge has refused to enforce the order against the MDOC or Price because they are nonparties. [*Id.*]. Citing 42 U.S.C. § 1983, the First, Sixth and Fourteen Amendments, Winburn alleges that Price is violating his right to access to the courts, and he seeks damages and injunctive relief in the form of ordering Price to cease violating his constitutional rights. [*Id.*, PageID.7-11]. On October 10, 2018, the U.S. Marshal Service acknowledged receipt of the service of process documents, [ECF No. 7], but there is no indication that Price has been served.

On October 31, 2018, Winburn filed a motion for a temporary restraining order (TRO) and requested a hearing before November 2, 2018. [ECF No. 8]. In a report and recommendation, the Court recommended that the motion be denied. [ECF No. 9]. A second motion for a TRO and for a preliminary injunction was docketed on November 1, 2018, [ECF No. 10], and it also should be denied.

**II.   Analysis**

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any

2

> efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Winburn's complaint and the instant motion are premised on the allegation that the state judge will not enforce orders requiring MDOC to give him access to the DVDs and that he will be immediately and irreparably harmed without this Court's intervention. But the exhibits to the instant motion reveal that Winburn's fundamental factual allegation is not true.

Hearing transcripts reveal that Washtenaw Circuit Judge Darlene O'Brien ordered the warden to appear at a show cause hearing after she was informed that Winburn was being denied access to his DVDs. [ECF No. 10, PageID.90, 93, 95, 105-06, 124, 131-34; ECF No. 10-1, PageID.135-41]. The warden assured Judge O'Brien that Winburn would have access to his DVDs from about 8:00 a.m. to 4:30 p.m., Monday through Friday. [ECF No. 10, PageID.132-33]. The warden was not sure if the facility had all of the evidence at issue because Winburn had recently been transferred; that may have caused some delay. [ECF No. 10-1, PageID.137-38, 162].

The prosecutor agreed with Winburn's concerns about needing access to the discovery and emphasized that he would not try to force Winburn to trial before he had a sufficient opportunity to

3

prepare. [ECF No. 10-1, PageID.136, 141]. At a later hearing, the prosecutor agreed to recopy the DVDs and resubmit them to speed the case along and assure that Winburn could adequately prepare. [*Id.*, PageID.161].

In August 2018, Judge O'Brien issued an order regarding use of electronic equipment. [*Id.*, PageID.177]. She noted that the warden had previously indicated that no order was necessary, but that Winburn reported in July 2018 that his access to equipment was limited to 20-minute intervals. [*Id.*]. Judge O'Brien therefore ordered MDOC to give Winburn access to appropriate equipment during normal business hours except to the extent that it conflicted with other mandatory obligations. [*Id.*].

Thus, Winburn's allegation that Judge O'Brien refused to exercise jurisdiction over MDOC or order it to give him access to the DVDs is plainly false. Both Judge O'Brien and the prosecutor have taken steps to assure that Winburn has access to his evidence and can prepare for trial. He thus fails to show that he will suffer immediate and irreparable harm before Price can be heard in opposition.

4

### III. Conclusion

The Court recommends that Winburn's motion for temporary restraining order and preliminary injunction **[ECF No. 10]** be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 1, 2018

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2018.

         s/Marlena Williams
         MARLENA WILLIAMS
         Case Manager