UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT WINBURN,

                Petitioner,              Case No. 18-12807

v.                                                Honorable Thomas L. Ludington

H. PRICE,

                Respondent.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATIONS, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER**

On September 10, 2018, Plaintiff Robert Winburn filed a complaint against Defendant H. Price, a warden at the Cotton Correctional Facility in Jackson, Michigan.[1] Pl.'s Compl., ECF No. 1. Plaintiff is representing himself *pro se* and is both a prisoner serving a current sentence and a pretrial detainee in a pending case in Washtenaw County Circuit Court. In his complaint, Plaintiff alleges that Defendant has failed to provide him access to two DVDs containing evidence necessary for Plaintiff to defend himself in his ongoing criminal case in Washtenaw County. *Id.* Plaintiff contends that he entered into a stipulation and order with the Government permitting him access to evidence while incarcerated.

**I.**

On October 31, 2018, Plaintiff filed a motion for a temporary restraining order. ECF No. 8. He claims that Defendant directed two inmate clerks to look through Plaintiff's DVDs to determine which DVDs worked. Plaintiff argues that the DVDs contain private information,

---

[1] There is no indication that process has been served on Defendant Price, but the U.S. Marshal Service did acknowledge receipt of the documents. ECF No. 7.

specifically his role as an informant. Plaintiff alleges that the incident has put his safety at risk because other inmates now know of his role as an informant. He also argues that Defendant Price was obstructing his access to the DVDs and consequently preventing his preparation for his criminal trial.

On November 1, 2018, Magistrate Judge Elizabeth Stafford issued a report and recommendation recommending that Plaintiff's motion be denied. ECF No. 9. She concluded that the relief sought in Plaintiff's temporary restraining order (to prevent Defendant from permitting other inmates to review Plaintiff's DVDs) was unrelated to the relief sought in Plaintiff's complaint (access to two DVDs that Plaintiff claims are missing). *Id.* at 3 ("Courts have consistently denied motions for injunctive relief when the requested relief is unrelated to the conduct alleged in the complaint."). She also determined that Plaintiff did not establish that his criminal trial was imminent because he gave no indication as to when it was scheduled.

On November 1, 2018, Plaintiff filed another motion for a temporary restraining order. ECF No. 10. It reiterated many of the same allegations and arguments from his previous motion. That same day, Judge Stafford issued a report and recommendation recommending that Plaintiff's motion be denied. ECF No. 11. She relied upon a state pretrial hearing transcript provided by Plaintiff to determine that Plaintiff's need for the evidence was not imminent. *Id.*; *see also* Pretrial Hearing, Ex. H, ECF No. 10. Judge Stafford explained that the state court judge had ordered the warden to appear at a show cause hearing on March 16, 2018 to resolve the issue of Plaintiff's access to DVDs. During the hearing, the Prosecutor assured the judge that he would not force Winburn to begin trial before Winburn had an opportunity to review all the evidence. *Id.* at PageID. 141 ("I understand his situation, so I'm not going to try to force him to get ready for trial when he doesn't feel he has enough time to prepare."). Judge Stafford also noted that the state court judge

entered an order on August 10, 2018 requiring the warden to grant Plaintiff access to the DVDs. Order Regarding Use of Elec. Equip., Ex. J, ECF No. 10.

On November 11, 2018, Plaintiff filed objections to Judge Stafford's Report and Recommendations. ECF No. 12. For the following reasons, Plaintiff's objections will be overruled.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Plaintiff presents two objections. In his first objection, he contends that the state court judge determined she did not have power to order the warden and the MDOC officials to provide Plaintiff with his requested evidence. ECF No. 11. Plaintiff contends that "[t]he video/audio recordings of May 17, 2018, June 21, 2018, and July 19, 2018" prove this. *Id.* He does not explain if the recordings were made at a judicial hearing nor does he provide the recordings or their transcripts.

Despite this lack of explanation, Plaintiff's contention is belied by an exhibit contained in Plaintiff's most recent motion. In an order dated August 10, 2018, the state court judge ordered the MDOC to "give defendant access to the appropriate equipment during normal business hours to allow defendant to review the discovery material and prepare for trial as long as that time does not conflict with a mandatory class, training, or other event or location where defendant must attend or be." Ex. J, ECF No. 10. The order post-dates the three dates that Plaintiff claims the state court judge stated that she could not issue such an order against the MDOC and the warden. Plaintiff's objection is contradicted by his own exhibit and as such, will be overruled.

Plaintiff's second objection is a general request for relief and does not object to any specific findings from Judge Stafford's report and recommendation and will also be overruled.

### IV.

Accordingly, it is **ORDERED** that Petitioner's objections to the report and recommendation, ECF No. 12, are **OVERRULED**.

- 4 -

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 9 and 11, is **ADOPTED**.

It is further **ORDERED** that Petitioner's motions for temporary restraining order, ECF No. 8 and 10, are **DENIED**.

Dated: February 13, 2019               s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Robert Winburn** #222196, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. ELM ROAD, JACKSON, MI 49201 by first class U.S. mail on February 13, 2019.

                                       s/Kelly Winslow
                                       KELLY WINSLOW