UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN,                      Civil Action No.: 18-12807
                                     Honorable Thomas L. Ludington
                    Plaintiff        Magistrate Judge Elizabeth A. Stafford

v.

HERB PRICE,

                    Defendant.

_____/

**REPORT AND RECOMMENDAITON TO GRANT
MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS
UNDER 28 U.S.C. § 1915(g) [ECF NO. 16]**

## I.    Introduction

In a civil rights complaint filed in September 2018, Plaintiff Robert S.

Winburn, a *pro se* prisoner, alleges that Defendant Herb Price, a resident

unit manager (RUM) at the Michigan Department of Correction's (MDOC)

Cotton Correctional Facility, has failed to provide him with access to DVDs

that contain discovery related to an ongoing criminal prosecution against

him.[1]  [ECF No. 1].  The Honorable Thomas L. Ludington referred all

pretrial matters under 28 U.S.C. § 636.  [ECF No. 6].  Price now moves the

_____

[1] Winburn is both a prisoner serving a current sentence and a pretrial
detainee facing criminal charges out of Washtenaw County Circuit Court.

Court to revoke Winburn's *in forma pauperis* status under 28 U.S.C.

§ 1915(g), the Prison Litigation Reform Act (PLRA).  [ECF No. 16].  The

Court recommends that Price's motion be granted.

## II.    Analysis

### A.

The PLRA was intended to "reduce the quantity and improve the

quality of prisoner suits."  *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The

act thus requires trial courts to screen civil complaints filed by prisoners

against government officials and to dismiss them if they are not viable. 28

U.S.C. § 1915A.  And § 1915(e)(2) requires dismissal *sua sponte* of a claim

or case filed by a plaintiff proceeding *in formal pauperis* if the claim or case

is frivolous or malicious, fails to state a claim on which relief may be

granted or seeks monetary relief from immune defendants.

Section 1915(g) denies a prisoner the right to proceed *in forma*

*pauperis* if he has previously, while incarcerated or detained, brought three

actions or appeals that were dismissed because they were "frivolous,

malicious, or fail[ed] to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury."

Price argues that Winburn has filed at least three prior actions or appeals that were dismissed for reasons described in § 1915(g).  Price specifies four prior actions that he alleges were dismissed under §§1915(e) and 1915A.  [ECF No. 16-2, PageID.212].

 In two of the prior cases Price cites, Winburn's civil rights complaints were dismissed for failure to state a claim.  [07-cv-15440, ECF No. 16-2, PageID.213-21; and 98-cv-00243, *id.* at PageID.223].  But the other two cases addressed petitions for *habeas corpus* and the documents Price attached never mention a § 1915(g) reason for dismissal.  [99-cv-72667, *id.* at PageID.226-30; 06-12807, *id.* at PageID.231-32].

For the reasons below, the Court finds that the *habeas* petitions do not count as strikes under § 1915(g), but that Winburn incurred three strikes from his civil rights complaints.

## B.

In *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997), the court held that the filing fee requirements of the PLRA do not apply to *habeas corpus* petitions under 28 U.S.C. §§ 2254 and 55.  And a district court in this circuit relied on a Tenth Circuit opinion to hold that the PLRA does not apply to petitions under Section 2241 either.  *Shaw v. Pearson*, No. 06-2254-B/V, 2007 WL 2897867, at *7 (W.D. Tenn. Sept. 28, 2007) (citing *United States*

*v. Simmonds*, 111 F.3d 737, 743 (10th Cir.1997)).  These holdings are now called into doubt because of a recent Sixth Circuit opinion.

In this new opinion, the Sixth Circuit upheld a district judge's decision to require partial payments under § 1951(a)(1) from prisoners who were appealing the denials of their § 2241 petitions.  *Samarripa v. Ormond*, 917 F.3d 515 (6th Cir. 2019).  The court acknowledged that all other circuits addressing the issue held that the PLRA does not apply to *habeas* petitions.   *Id.* at 521.  The *Samarripa* the court also noted concern that, because of the three-strikes provision, its holding could limit inmates from seeking *habeas* relief.  *Id.*  But because the three-strikes provision applies only to "civil" actions and appeals, and because labeling *habeas* petitions as "civil" may be inexact, the concern about the applicability of the three-strikes provision may be unwarranted.  *Id.*

So the general question of whether a *habeas* petition dismissal can count as a strike is unsettled.  But the answer to that question is unnecessary here because the three-strikes provision requires a court to implicate a § 1915(g) reason for the dismissal to be counted as a strike. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 494 (6th Cir. 2012).  Here, neither *habeas* petition was dismissed as frivolous, malicious or because it failed to state a claim.  In fact, in *Winburn v. Metrish*, 06-cv-12308,

4

Magistrate Judge R. Steven Whalen described the earlier *habeas* petition,
*Winburn v. Curtis*, 99-cv-72667, as having been "denied on the merits."
[ECF No. 16-2, PageID.232].  And Judge Whalen transferred *Winburn v.
Metrish,* to the Sixth Circuit because Winburn had not received "appellate
authorization to file a subsequent petition as required by 28 U.S.C. §
2244(b)(3)(A)."  [*Id.*].

    The *habeas* petitions therefore do not count as strikes under § 1915.

## C.

    The next question is whether three strikes arose from the two prior
cases cited by Price.  A docket report for *Winburn v. Cole*, 98-00243,
shows that then District Judge David W. McKeague of the Western District
of Michigan dismissed a prisoner civil rights complaint "for failure to state a
claim per 28 U.S.C. § 1915(g)."  [ECF No. 16-2, PageID.223].  This
dismissal invoked § 1915(g) and thus counts as a strike.  Winburn
appealed the dismissal, but the appeal was dismissed for want of
prosecution.  [*Id.*, PageID.224].  The appellate dismissal did not count as a
strike.  *Cohen v. Corr. Corp. of Am.*, No. 4:05CV1986, 2009 WL 3259124,
at *3 (N.D. Ohio July 7, 2009), *adopted in part*, 2009 WL 3259079 (N.D.
Ohio Oct. 7, 2009) (finding dismissal for failure to prosecute not a strike);

*Floyd v. Stelma*, No. 1:08-CV-64, 2009 WL 112247, at *2 (W.D. Mich. Jan. 15, 2009) (same).

After screening of the complaint under § 1915A in *Winburn v. Jackson*, 07-cv-15440, Judge John Corbett O'Meara dismissed a prisoner civil rights claim for failure state a claim on which relief can be granted.[2] [ECF No. 16-2, PageID.213-21].  This dismissal counts as a strike.  And, critically, the Sixth Circuit affirmed the dismissal, concluding "that the district court properly dismissed the complaint for failure to state a claim." [07-cv-15440, ECF No. 19, PageID.160].  The court specified that Judge O'Meara properly dismissed Winburn's complaint *sua sponte* under the PLRA.  [*Id*, PageID.161].

This appellate affirmation constitutes a separate strike.  "An appellate court's affirmance of a district court's dismissal of a prisoner civil action counts as a separate strike, for purposes of 28 U.S.C. § 1915(g), so long as the appellate court implicated Section 1915(g) reasons for affirming the district court's dismissal."  *Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL 670080, at *2 (E.D. Mich. Feb. 19, 2019) (Borman, J.). In *Meeks*, the Sixth Circuit affirmed a district court's dismissal, "ruling that the district

---

[2]Judge O'Meara also transferred to the court of appeals the portion of Winburn's complaint that was a second or successive *habeas* petition. [ECF No. 16-2, PageID.213-21].

6

court had correctly dismissed the complaint because none of Plaintiff's issues stated a claim upon which relief could be granted." *Id.* Finding that the district court dismissal and appellate affirmation were two separate strikes, Judge Paul D. Borman followed circuit courts holding that a district court's dismissal for § 1915(g) reasons "and the subsequent affirmance of that dismissal on appeal count as two separate strikes under Section 1915(g), so long as the appellate court based its decision on the grounds contained in Section 1915(g)." *Id.* (citing *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); *Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir. 1999); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) (per curiam); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996)).

Judge Borman also noted a Supreme Court opinion that strongly suggested that district court dismissals and later affirmations should be treated as separate strikes under § 1915(g). *Id.* (citing *Coleman v. Tollefson,* 135 S. Ct. 1759 (2015)). He noted that the *Coleman* court "rebuffed the idea that the language 'prior occasion,' in the context of 28 U.S.C. § 1915(g), included both a dismissal of a complaint on an enumerated ground and any subsequent appeal," as Congress did not

7

intend for a trial court dismissal and an appellate court decision to be treated as a single entity.  *Id.*

As in *Meeks*, the Sixth Circuit ruled that Judge O'Meara had correctly dismissed Winburn's civil rights claims because none stated a claim on which relief could be granted.  [07-cv-15440, ECF No. 19, PageID.160]. The appellate affirmation was a separate strike, and it was his third.

### D.

Section 1915(g) permits a prisoner who has three strikes to proceed in *forma pauperis* if he "is under imminent danger of serious physical injury."  Winburn does not argue in his response to Price's motion that this exception applies, and his complaint does not allege a threat of physical injury.  [ECF Nos. 1, 17].  The Court also notes that it already rejected Winburn's claim that he faced immediate and irreparable harm in a report and recommendation about Winburn's motion for temporary restraining order and for preliminary injunction.  [ECF No. 11].  Judge Ludington agreed.  [ECF No. 13].

### III.    Conclusion

The Court **RECOMMENDS** that Price's motion to revoke *in forma pauperis* status **[ECF No. 16]** be **GRANTED.**  If this recommendation is adopted, Winburn should be given an opportunity to pay the filing fee

before his complaint is dismissed. *Tucker v. McCauley*, No. 09-12757, 2010 WL 2884641, at \*2 (E.D. Mich. July 20, 2010) ("[T]he Court generally grants the plaintiff the opportunity to pay the entire filing fee before to dismissing the action.").

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 8, 2019

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2019.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
