UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT WINBURN,

        Plaintiff,

v.

HERB PRICE,

        Defendant.

Case No. 18-12807
Honorable Thomas L. Ludington

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, AND GRANTING MOTION TO REVOKE *IN FORMA
PAUPERIS* STATUS**

On September 10, 2018, Plaintiff Robert Winburn, aka Scott A. Libby, filed a complaint

against Defendant H. Price, a warden at the Cotton Correctional Facility in Jackson, Michigan.

Pl.'s Compl., ECF No. 1, PageID.1. Plaintiff is representing himself *pro se* and is both a prisoner

serving a current sentence and a pretrial detainee in a pending case in Washtenaw County Circuit

Court. In his complaint, Plaintiff alleges a civil rights violation under 42 U.S.C. § 1983, which

states in relevant part, that "every person who … causes to be subjected … any citizen of the

United States … to the deprivation of rights, privileges or immunities secured by the Constitution

and law, shall be liable to the party injured." Plaintiff specifically alleges that Defendant has failed

to provide him access to two DVDs containing evidence necessary for Plaintiff to defend himself

in his ongoing criminal case in Washtenaw County. *Id.* Plaintiff contends that he entered into a

stipulation and order with the Government permitting him access to evidence while incarcerated.

**I.**

**A.**

On September 10, 2018, Plaintiff filed an application to proceed *in forma pauperis*. ECF No. 2, PageID.15. The order was granted on October 9, 2018. ECF No. 4, PageID.19. On October 31, 2018, Plaintiff filed a motion for a temporary restraining order. ECF No. 8, PageID.25. He claimed that Defendant directed two inmate clerks to inspect Plaintiff's DVDs to determine which DVDs were operative. Plaintiff argued that the DVDs contain private information, specifically his role as an informant. Plaintiff alleged that the incident has put his safety at risk because other inmates now know of his role as an informant. He also argued that Defendant Price was obstructing his access to the DVDs and consequently preventing his preparation for his criminal trial.

On November 1, 2018, Magistrate Judge Elizabeth Stafford issued a report and recommendation recommending that Plaintiff's motion be denied. ECF No. 9, PageID.29. She concluded that the relief sought in Plaintiff's temporary restraining order (to prevent Defendant from permitting other inmates to review Plaintiff's DVDs) was unrelated to the relief sought in Plaintiff's complaint (access to two DVDs that Plaintiff claims are missing). *Id.* at 3 ("Courts have consistently denied motions for injunctive relief when the requested relief is unrelated to the conduct alleged in the complaint."). She also determined that Plaintiff did not establish that his criminal trial was imminent because he gave no indication as to when it was scheduled.

On November 1, 2018, Plaintiff filed another motion for a temporary restraining order. ECF No. 10, PageID.35. It reiterated many of the same allegations and arguments from his previous motion. That same day, Judge Stafford issued a report and recommendation recommending that Plaintiff's motion be denied. ECF No. 11, PageID.183. She relied upon a state pretrial hearing transcript provided by Plaintiff to determine that Plaintiff's need for the evidence

was not imminent. *Id.*; *see also* Pretrial Hearing, Ex. H, ECF No. 10. Judge Stafford explained that the state court judge had ordered the warden to appear at a show cause hearing on March 16, 2018 to resolve the issue of Plaintiff's access to DVDs. During the hearing, the Prosecutor assured the judge that he would not force Winburn to begin trial before Winburn had an opportunity to review all the evidence. *Id.* at PageID. 141 ("I understand his situation, so I'm not going to try to force him to get ready for trial when he doesn't feel he has enough time to prepare."). Judge Stafford also noted that the state court judge entered an order on August 10, 2018 requiring the warden to grant Plaintiff access to the DVDs. Order Regarding Use of Elec. Equip., Ex. J, ECF No. 10.

On November 11, 2018, Plaintiff filed objections to Judge Stafford's Report and Recommendations. ECF No. 12, PageID185. Plaintiff's objections were overruled and the report and recommendation denying the motions for temporary restraining orders was adopted. ECF No. 13, PageID.190.

**B.**

On February 15, 2019, Defendant Price moved to revoke Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(g), which provides, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action … if the prisoner has, on 3 or more prior occasions, while incarcerated … brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." ECF No. 16, PageID.199.

Magistrate Judge Stafford counted the following actions by Plaintiff as strikes. First, on August 12, 1998, Judge David McKeague of the Western District of Michigan dismissed a civil rights complaint filed by Plaintiff for failure to state a claim. ECF No. 18, PageID.261; *see also Winburn v. Coles*, 98-00243. Second, on January 7, 2008, Judge O'Meara dismissed another civil

rights complaint filed by Plaintiff for failure to state a claim. ECF No. 18, PageID.262; *see also Winburn v. Jackson*, 07-cv-15440. Third, the Sixth Circuit affirmed Judge O'Meara's dismissal on December 9, 2008. *Id*. Each action will be discussed in turn.

**i.**

Plaintiff's first action was a civil rights complaint regarding his First Amendment rights. ECF No. 16-2, PageID.223; *see also* 07-CV-15440, ECF No. 1, PageID.1. The complaint was filed on August 12, 1998. ECF No. 16-2, PageID.223. Judge David McKeague of the Western District of Michigan dismissed the complaint for failure to state a claim. ECF No. 18, PageID.261.

The second action involved a civil rights complaint filed by Plaintiff in the Eastern District of Michigan against Judge Thomas Jackson and his clerk, A.T. O'Sullivan. 07-CV-15440, ECF No. 1, PageID.1. Plaintiff claimed that Judge Jackson and his clerk, violated his First, Fifth, Thirteenth, and Fourteenth Amendment rights through "fraud, collusion, fabricated information, withholding relevant material, [and] malicious, reckless, and unreasonable acts." *Id*. at PageID.2. On January 7, 2008, Judge O'Meara denied the complaint for failure to state a claim upon which relief could be granted. 07-CV-15440, ECF No. 5, PageID.79. On January 14, 2008, Plaintiff filed a motion for reconsideration. 07-CV-15440, ECF No. 6, PageID.89. On January 28, 2008, Judge O'Meara denied the motion for reconsideration. 07-CV-15440, ECF No. 8, PageID.112.

The third action arose when Plaintiff appealed Judge O'Meara's decision on January 31, 2008. 07-CV-15440, ECF No. 10, PageID.128. On December 9, 2008, the Sixth Circuit concluded that the district court properly dismissed the complaint for failure to state a claim. 07-CV-15440, ECF No. 19, PageID.160.

**ii.**

On September 10, 2018, Plaintiff filed his current complaint. ECF No. 1, PageID.1. On February 15, 2019, Defendant moved to revoke Plaintiff's *in forma pauperis* status, arguing that Plaintiff's three strikes precluded him from receiving *in forma pauperis* status. ECF No. 16, PageID.199. Plaintiff filed his response to the motion on March 7, 2018. ECF No. 17, PageID.251. Judge Stafford filed a report and recommendation on May 8, 2019, recommending that the Court grant Defendant's motion to revoke Plaintiff's *in forma pauperis* status. ECF No. 18, PageID.264. On May 31, 2019, Plaintiff filed his objections to Judge Stafford's report and recommendation. ECF No. 20, PageID.270. For the following reasons, Plaintiff's objections will be overruled.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the

arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Plaintiff presents four objections. In his first objection, Plaintiff contends that Magistrate Judge Stafford "improperly counted a motion for reconsideration in the U.S. District Court as a third strike from an appeal in the Sixth Circuit." ECF No. 20, PageID.272. On the contrary, as explained above, Magistrate Judge Stafford counted the following strikes. First, on August 12, 1998, Judge David McKeague of the Western District of Michigan dismissed Plaintiff's civil rights complaint for failure to state a claim. ECF No. 18, PageID.261; *see also Winburn v. Cole*, 98-00243. Second, on January 7, 2008, Judge O'Meara dismissed Plaintiff's civil rights complaint against Judge Jackson and his clerk, A.T. O'Sullivan. 07-CV-15440, ECF No. 5, PageID.79. Third, the Sixth Circuit affirmed Judge O'Meara's dismissal of the complaint on December 9, 2008. 07-CV-15440, ECF No. 19, PageID.160.

An affirmance of a dismissal by an appellate court qualifies as a strike. As the court held in *Meeks v. Washington*, "the subsequent affirmance of that dismissal on appeal count as two separate strikes under Section 1915(g), so long as the appellate court based its decision on the grounds contained in Section 1915(g)." No. 2:19-CV-10247, 2019 WL 670080, at *2 (E.D. Mich.

Feb. 19, 2019) (citing *Chavis v. Chappius*, 618 F.3d 162,167 (2d Cir. 2010); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) (per curiam); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) (per curiam); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)).

When reviewing Judge O'Meara's dismissal of Plaintiff's second complaint, the Sixth Circuit concluded, that "the district court properly dismissed the complaint for failure to state a claim." 07-cv-15440, ECF No. 19, PageID.160. Accordingly, Judge Stafford properly counted three strikes against Plaintiff.

In his second objection, Plaintiff alleges that "the Magistrate Judge …counted Plaintiff's complaint which was converted to a second or successive *habeas* petition as a strike." ECF No. 20, PageID.271. Plaintiff presumably refers to *Winburn v. Jackson*, the civil rights complaint against Judge Jackson and his clerk. 07-cv-15440, ECF No. 5, PageID.79. In that case, Judge O'Meara's dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(A). *Id*. However, Judge O'Meara also construed Plaintiff's action as a second or successive petition for *habeas* relief. Accordingly, he transferred the matter to the United States Court of Appeals. *Id*. He did this because, though Plaintiff filed a civil rights complaint against Judge Jackson, the "gist" of the relief Plaintiff sought was relief from his criminal conviction. *Id*. The sole federal remedy to a challenge of physical imprisonment is a petition for writ of *habeas corpus*. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Because the complaint appeared to be a second or successive *habeas* petition, Judge O'Meara was unable to dismiss the full complaint in the absence of a certificate of authorization from the Sixth Circuit. 07-cv-15440, ECF No. 5, PageID.87. *See also Corrao v. United States*, 152 F.3d 188, 190-91 (2nd Cir. 1998); *Gonzalez v. United States*, 135 F. Supp. 2d 112, 121 (D. Mass. 2001). Therefore, Plaintiff's civil rights

complaint was dismissed for failure to state a claim, *in addition to* the transfer of the *habeas* petition. Accordingly, the Sixth Circuit declared that "the district court dismissed the civil rights *portion* of the action for failure to state a claim." 07-cv-15440, ECF No. 19, PageID.159 (emphasis added). The Sixth Circuit specified that Plaintiff's appeal "remain[ed] pending only as to the civil rights portion of the action." *Id.* at PageID.160Therefore, the Magistrate Judge was correct in concluding, "The habeas petitions … do not count as strikes under § 1915, but … [Plaintiff] incurred three strikes from his civil rights complaints" *Id*. at PageID.261.

In Plaintiff's third objection, Plaintiff claims that the Prison Litigation Reform Act (PLRA) is unconstitutional, as it violates the First Amendment, the Supremacy Clause, and the "breathing space" requirement. In *Porter v. Nussle*, the Supreme Court analyzed the purpose and legislative history of the PLRA, finding that "Congress sought to curtail suits qualifying as 'frivolous' because of their 'subject matter,' *e.g.*, suits over 'insufficient storage locker space,' 'a defective haircut,' or 'being served chunky peanut butter instead of the creamy variety.'" 534 U.S. 516, 522 (2002). Such a detailed review by the Supreme Court supports the assertion that the statute is constitutional.

Plaintiff's fourth and final objection asserts that "an appellate affirmation of a district court dismissal should count as a separate strike as it was not clearly expressed by Congress, and statutes that burden a fundamental right must be narrowly construed." ECF No. 20, PageID.278. Further, Plaintiff contends that "creating such a loophole in the protections guaranteed by both 42 U.S.C. 1983 and the First Amendment is antithetical to the PLRA purpose."

As explained above, "the subsequent affirmance of that dismissal on appeal count as two separate strikes under Section 1915(g), so long as the appellate court based its decision on the grounds contained in Section 1915(g)." *Meeks v. Washington*, No. 2:19-CV-10247, 2019 WL

670080, at *2 (E.D. Mich. Feb. 19, 2019). Accordingly, the Magistrate Judge properly counted three strikes against Plaintiff.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's objections to the report and recommendation, ECF No. 20, are **OVERRULED**.

It is further **ORDERED** that the Magistrate Judge's report and recommendation, ECF No. 18, is **ADOPTED**.

It is further **ORDERED** that Defendant's motion to revoke Plaintiff's *in forma pauperis* status, ECF No. 16, is **GRANTED**.

It is further **ORDERED** that the order granting Plaintiff's application to proceed without prepayment of fees, ECF No. 4, is **VACATED**.

It is further **ORDERED** that Plaintiff's application for leave to proceed without prepayment of the fees and costs for this action, ECF No. 2, is **DENIED**.

It is further **ORDERED** that Plaintiff shall pay to the clerk of this Court **on or before September 30, 2019** the entire filing fee of $350 that was due when he filed his complaint (ECF No. 4). Failure to do so may result in dismissal of this action.

It is further **ORDERED** that Plaintiff may not proceed with this action until he has paid the entire filing fee.

Dated: September 3, 2019                          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Robert Winburn** #222196, G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. ELM ROAD, JACKSON, MI 49201 by first class U.S. mail on September 3, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager